**AMOCO OIL COMPANY, Plaintiff,**

v.

**SOUTHEASTERN MAIL TRANSPORT, INC., a corporation, et al., Defendants.**

**T.E. MOYER TRUCK SERVICES, INC., a Florida corporation, Plaintiff,**

v.

**SOUTHEASTERN MAIL TRANSPORT, INC., a corporation, et al., Defendants.**

**JACKSONVILLE MACK TRUCKS, INC., a corporation, Plaintiff,**

v.

**T.E. MOYER TRUCK SERVICES, INC., a corporation, et al., Defendants.**

Nos. 82–961–Civ–J–JHM, 82–962–Civ–J–JHM and 82–1026–Civ–J–JHM.

United States District Court, M.D. Florida, Jacksonville Division.

Aug. 20, 1985.

William D. Brinton, Jacksonville, Fla., for Amoco Oil Co.

Dorothea Beane, Asst. U.S. Atty., Jacksonville, Fla., for Southeastern Mail Transport, Inc.

Travis T. Lynch, Asst. Regional Counsel, U.S. Postal Service, Atlanta, Ga., for U.S. Postal Service.

ORDER

JOHN H. MOORE, II, District Judge.

The above-styled causes are garnishment actions brought by judgment creditors of Southeastern Mail Transport, Inc. (Southeastern) to satisfy their judgments out of the $359,582.25 debt owed to Southeastern by the United States Postal Service. For the reasons that follow, the Court has determined that the Postal Service's debt is not subject to garnishment and that the

writs of garnishment must therefore be dissolved.

Southeastern, a contract mail carrier for the Postal Service, encountered financial difficulties and defaulted on its contracts with the Postal Service in 1981. An investigation conducted by the Department of Labor also revealed that Southeastern had underpaid its employees and violated the Service Contract Act. Consequently, on July 2, 1981, the Wage & Hour Division of the Department of Labor requested the Postal Service to withhold all funds due to Southeastern pursuant to 41 U.S.C. § 352(a) and 39 U.S.C. § 410(b)(5)(B). The Postal Service complied with this request, but did not deposit the withheld sum in a deposit fund.

Plaintiffs, AMOCO OIL COMPANY and T.E. MOYER TRUCK SERVICES, INC., thereafter obtained final judgments against Southeastern. Amoco Oil Company recovered and recorded a final judgment for unpaid fuel oil in the amount of $281,653.00 on October 19, 1981. T.E. Moyer Truck Services, Inc. obtained and recorded final judgments for unpaid repair bills in the amount of $14,950.00 and $91,026.00 on December 22, 1981 and March 25, 1982, respectively. To collect on these judgments, Plaintiffs served writs of garnishment on the Postal Service in July and September of 1982.

In November, 1982, the Department of Labor initiated administrative proceedings to obtain judgment against Southeastern for its underpaid employees. This administrative action is still pending.

The issue to be decided is whether funds withheld at the Department of Labor's request pursuant to the Service Contract Act are subject to garnishment prior to the commencement of an administrative proceeding to reduce the Department of Labor's claim to judgment.

The Service Contract Act provides that a government agency must withhold funds from a contractor whom the Department of Labor believes has violated the Act in order to compensate underpaid employees. 41 U.S.C. § 352(a). The regulations further provide that contract funds may be withheld prior to the institution of administrative proceedings by the Secretary. 29 C.F.R. § 4.187(a). Finally, the regulations unequivocally state that the contractor has no property rights to amounts withheld from the contract to cover underpayments of workers that violate the law and the terms of the contract. *Id.* at § 4.187(b)(4).

The law is well-established that a garnishor stands in the shoes of the debtor and can assert only those rights that the debtor could assert to the garnished funds. Southeastern is not entitled to the funds withheld at the Department of Labor's request until the administrative proceedings are concluded and until any underpaid employees are compensated in accordance with the Service Contract Act. Thus, Plaintiff's inability to establish that Southeastern has an unfettered right to the funds presently held by the Postal Service precludes them from garnishing those funds.

Accordingly, the Court now

ORDERS and ADJUDGES:

That the writs of garnishment served and filed in the above-styled causes be and the same are hereby DISSOLVED.